# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| GLEN D. HANDY,<br><br>      Plaintiff,<br><br>vs.<br><br>JOANNE B. BARNHART,<br>Commissioner of Social Security<br>Administration,<br><br>      Defendant. | No. C01-4102-PAZ<br><br>**ORDER ON<br>PLAINTIFF'S APPLICATION FOR<br>ATTORNEY'S FEES** |

## *I. INTRODUCTION*

This matter comes before the court pursuant to the application for attorney's fees filed by the plaintiff Glen D. Handy (Doc. Nos. 21 & 31), following the court's remand to the defendant (the "Commissioner") pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of additional evidence. Handy's attorney's fee application is made pursuant to both 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), and, in the alternative, 42 U.S.C. § 406(b).

## *II. PROCEDURAL HISTORY*

On May 31, 2002, the court remanded this case to the Commissioner for further proceedings. (Doc. No. 18) On May 30, 2003, an ALJ issued a decision fully favorable to the Handy after considering additional evidence, new evidence (through 2003), and the testimony of two medical experts. On October 20, 2004, the court received notification from the Commissioner that a fully favorable decision had been issued by the Commissioner on May 30, 2003. The Commissioner requested that the court dismiss the

case. (Doc. No. 19). On October 22, 2004, the court denied the Commissioner's request for dismissal, noting dismissal would be inappropriate prior to the completion of post-remand proceedings. (Doc. No. 20).

On January 5, 2005, Handy filed an "Advice to the Court and Application for Attorney's Fees (EAJA Fees) and Standard Attorney Fees for Federal Court Work." (Doc. No. 21). On January 24, 2005, the Commissioner filed her "Opposition to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (EAJA) and Response to Plaintiff's Alternative Request for Attorney Fees Under 42 U.S.C. §406(b) and Defendant's Motion for Entry of Final Judgment." (Doc. No. 24). On January 25, 2005, the Commissioner filed an amended resistance. (Doc. No. 25). On January 28, 2005, Handy asked the court to order the filing of the supplemental transcript. (Doc. No. 26). On January 28, 2005 the court granted Handy's motion and ordered the hearing transcript to be filed by February 21, 2005. (Doc. No. 27). On February 22, 2005, the Commissioner filed a report to the court stating the supplemental transcript had been filed, but it did not include the transcript of the remand hearing at which several experts testified. The Commissioner indicated the hearing transcript would be forwarded as soon as it was completed. (Doc. No. 28).

To avoid further delay, the court entered final judgment for Handy on February 28, 2005, and ordered a full post-remand transcript to be filed by March 28, 2005. (Doc. No. 29). On March 10, 2005, Handy filed a renewed motion for attorney fees. (Doc. No. 31). On March 16, 2006, the Commissioner filed her renewed opposition to the plaintiff's attorney's fee application. (Doc. No. 32). The court finds this matter is now fully submitted for consideration.

### III. LEGAL ANALYSIS

After successfully representing a claimant in a Social Security case, an attorney may seek an award of attorney fees under the EAJA or pursuant to 42 U.S.C. § 406(b), and sometimes an attorney seeks fees under both. In this case, Handy seeks fees under the EAJA, and in the alternative pursuant to section 406(b). The Commissioner objects to an award of fees and costs under the EAJA, arguing her position was substantially justified. The Commissioner, on the other hand, does not object to an award of attorney fees under 42 U.S.C. § 406(b), as long as the fee award is reasonable and not a windfall to Handy. The court first will address the issue of Handy's claim for attorney fees under the EAJA.

#### A. Substantially Justified

Under 28 U.S.C. § 2412(d)(1):

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. *Whether or not the position of the United States was substantially justified shall be determined on the basis of the record* (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B) (emphasis added). Substantially justified means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988). In *Pierce*, the Supreme Court held "a position can be justified even though it is not correct," as long as a "reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.*, 487 U.S. at 566 n.2, 108 S. Ct. at 2550 n.2. Therefore, although a Social Security claimant may be a prevailing party for purposes of the EAJA, a fee award under the EAJA is not available unless the Commissioner lacked substantial justification for her position. 28 U.S.C. § 2412(d)(1)(A).

The Commissioner's position is substantially justified if it has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact. *Id.* A loss on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position. *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985). However, at all times, the Commissioner bears the burden to prove substantial justification. *Id.* The Commissioner is required to show her position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark*, 200 F.3d 1076, 1080 (7th Cir. 2000). The court is required to examine the Commissioner's position in both the prelitigation and litigation contexts. When errors are made by the ALJ, the Commissioner is held accountable. *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991); 28 U.S.C. § 2412(d)(2)(D) (for purposes of EAJA fees, "'position of the United States' means, in addition to the position taken by the United States in the

4

civil action, the action or failure to act by the agency upon which the civil action is based").

"While the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes -- favors treating a case as an inclusive whole, rather than as atomized line items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161-162, 110 S. Ct. 2316, 2320-2321, 110 L. Ed. 2d 134 (1990). Thus, the court must assess the whole case to determine whether the Commissioner's position was substantially justified.

Handy appealed the first ALJ's decision and attempted to work out an agreement with the Commissioner as to what records should be allowed to supplement the transcript. During this stage of the litigation, the Commissioner did not agree to allow Handy to supplement the transcript with respect to missing submissions that had been made to the SSA prior to the Appeals Council denial. As a result, Handy filed a motion to supplement the transcript, attaching as exhibits the additional records he sought to include in the record. (Doc. No. 14). On May 29, 2002, the court held a hearing on Handy's motion, to discuss with the parties whether Handy's case should be remanded and the record supplemented. The Commissioner did not file a written resistance to Handy's motion, but orally resisted the motion at the hearing. After the hearing, the court remanded the case for consideration of additional evidence and for further development of the record. (Doc. No. 18)

The court notes both parties agreed at the hearing that the records Handy sought to include in the transcript had not been considered by either the ALJ or the Appeals Council. The court determined this was precisely the type of situation contemplated by the statute governing judicial review of final decisions of the Commissioner. *See* 42 U.S.C. § 405(g) (sentence six). The court remanded Handy's case because there was new evidence that was material and had not been properly considered by the ALJ. Further,

the court directed the Commissioner to allow the parties to submit such additional evidence as they might desire to fully develop the record with respect to Handy's condition during the relevant period.

On remand, the ALJ fully developed the record. The ALJ considered not only the records Handy had sought to include in the transcript, but she also obtained and considered the testimony of two medical experts. Although Handy supplemented the transcript with certain records that were not before the first ALJ, the court does not accept the Commissioner's argument that the first ALJ fully explored Handy's disabilities. Rather, the court finds the first ALJ erred in failing to develop the record fully, including the failure to seek additional medical expert opinion as to Handy's mental limitations.

An ALJ has a duty to develop the record fully and fairly. *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998). The court notes that on remand, the ALJ obtained the testimony of Fred D. Strider, Ph.D and Joseph J. Jensen, M.D., both of whom are medical experts under contract with the Office of Hearings and Appeals (OHA). Dr. Strider indicated that in 1998, Handy was diagnosed with an adjustment disorder with depressed mood, and in 1997, a psychiatric evaluation indicated Handy suffered from anhedonia, or pervasive loss of interest in almost all activities. Further, Dr. Strider testified Handy's difficulties in concentrating or thinking had been documented since 1997.

The second ALJ's decision reflects that several errors were made by the ALJ in the initial decision. First, though not the fault of either party, important medical records were not included. Second, the ALJ failed to consider additional expert medical testimony or seek a consulting mental examination with a certified psychiatrist to either eliminate or verify the extent of numerous possible limitations evidenced in the record,

6

such as major depression, antisocial personality disorder, and somatoform disorder. Third, the first ALJ erred in discounting Handy's and his wife's testimony. Fourth, the first ALJ failed to give proper weight to the opinions of the treating physicians who did testify. The second ALJ's decision did not rely exclusively on medical evidence received after remand. The second ALJ fully developed the record by expanding the medical expert testimony evidence and taking additional testimony from Handy.

Considering Handy's case in its entirety, the court finds that had the first ALJ fully developed the record, sought medical expert opinion, and properly found the testimony of Handy and his wife to be credible, Handy would have been awarded benefits in 1999. The court finds the first ALJ issued a decision that was not reasonable in law or fact.

Courts must remand cases to allow ALJs to perform their assigned duties and to consider all the medical evidence. Full development of the record is part of an ALJ's assigned duties. In its remand order, the court specifically found the additional records Handy sought to include in the transcript were material, and they had not been considered in the underlying administrative action. The court further found the failure to consider the additional records was not the fault of either Handy or the Commissioner. (Doc. No. 18 at 2). However, this finding does not equate with a finding that the Commissioner's decision was substantially justified. In fact, the court directed the Commissioner to allow the submission of additional evidence "to fully develop the record with respect to Handy's condition during the relevant period, including, for example, evidence as to the time of the onset of Handy's hepatitis." *Id.* This was due to the court's concern that the record had not been developed fully and fairly by the first ALJ.

Considering Handy's case in its entirety, the court cannot find the first ALJ's decision was substantially justified. As previously stated, on remand, the ALJ considered

not only the records that Handy sought to include in the transcript, but also new evidence, including medical expert testimony that was not sought by the first ALJ. Because this case was remanded under sentence six, the court did not evaluate, at the time of remand, whether the ALJ had developed the record fully, properly considered third-party testimony, or erred in not seeking further medical expert opinion.

Upon a sentence six remand, the district court retains jurisdiction over the subsequent administrative proceedings, placing the claimant in a higher-risk situation: if he obtains a favorable decision and benefits are awarded, he is eligible for fees covering his attorney's work at both the district court level and the administrative level; if he does not obtain benefits, he never prevails and cannot recover any fees. Whatever the result of the post-remand proceedings, "a sentence six remand works like a yo-yo; once the record has been enlarged, the district court finally decides whether the administrative decision is tenable." *Perlman v. Swiss Bank Corp. Comp. Disability Prot. Plan,* 195 F.3d 975, 978 (7th Cir. 1999).

Upon review, the court finds the Commissioner has not demonstrated that her initial decision was substantially justified. The first ALJ failed to fulfill her obligation of fully and fairly developing the record. The ALJ's duty is met only if he or she probes the claimant for possible disabilities and uncovers all of the relevant evidence. The ALJ failed to question Handy concerning several critical aspects of his claim, most importantly, as the second ALJ found, Handy's multiple mental symptoms. The ALJ did not inquire about the duration of other symptoms, but found that because Handy had worked after his alleged date of disability, he did not have mental limitations. An ALJ commits reversible error if he or she fails to develop the record properly. *See Cornella v. Schweiker*, 728 F.2d 978, 985 (8th Cir. 1984). When the ALJ does not comply with the clear requirements of the SSA and the Commissioner opposes reversal and remand,

the Commissioner's position is not substantially justified. In this case, the Commissioner opposed reversal and remand. The court remanded and the SSA reversed its initial decision.

The Commissioner argues the initial decision articulated the bases for the ALJ's findings and the ALJ did consider the record that was before her. However, the ALJ's errors were not of articulation or consideration of the limited record before her. Rather, the ALJ's error was the failure to develop the record fully. In sum, the Commissioner has not persuaded the court that her position was substantially justified. Therefore, Handy will be awarded his attorney's fees under the EAJA.

Handy has requested fees under the EAJA, or, in the alternative, under 42 U.S.C. § 406(b). The court finds an award of attorney fees under the EAJA is appropriate. The court now will consider the reasonableness of fees pursuant to the EAJA.

### *B. Reasonable Fee Pursuant to the EAJA*

Once the court has decided an award of attorney fees is appropriate, the court must determine whether the amount sought is reasonable. Handy requests attorney's fees in the amount of $3,915.00 (26.1 hours x $150.00), and paralegal fees in the amount of $1,600.00 (20 hours x $80.00), for a total fee award of $5,515.00. In her response, the Commissioner opposes an award of fees under the EAJA, but in the event the court finds the ALJ's decision was not substantially justified, then the Commissioner requests the attorney fees under the EAJA be reduced.

A plaintiff who prevails in a Social Security case is entitled to an award of reasonable attorney fees under the EAJA, 28 U.S.C. § 2412. *See Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994); *accord Knudsen v. Barnhart*, 360 F. Supp. 2d 962, 966 (N.D. Iowa 2004). The statute provides, in pertinent part, as follows:

> (b) Unless expressly prohibited by statute, a court may award *reasonable fees and expenses* of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b) (emphasis added). The statute also establishes the reasonable hourly rate for attorney fees, and certain exceptions to that rate:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see also Stockton*, 36 F.3d at 50 (quoting the statute, which at the time provided for a maximum hourly rate of $75).

Attorneys are required to adjust fees using the Midwest CPI (Consumer Price Index) available and applicable to the year when services are performed. *Knudsen*, 360 F. Supp. 2d at 974. "This approach strikes a balance between accuracy and what the court believes would potentially turn into a calculation nightmare." *Id.* Thus, to calculate the EAJA fee adjustment, plaintiffs' attorneys should begin with the statutory EAJA hourly rate of $125.00, set in March 1996.[1] The $125.00 statutory rate then is adjusted according to the following formula: $125.00 per hour (where $125.00 reflects

---

[1] The EAJA was reenacted in 1996 with an hourly rate set at $125 per hour. Previously the amount was $75. Congress statutorily adjusted the dollar value, thereby taking into account inflation occurring between 1985 and 1996. Thus, March 1996 would be the proper baseline to employ.

the current statutory hourly rate for fees) times (service year Midwest Urban CPI)/151.7) (where 151.7 equals the Midwest Urban CPI of March 1996). Using this formula, the adjusted EAJA fee hourly rate for 2001 is $142.39 ($125.00 x (172.8 /151.7)). The adjusted hourly rate for 2002 is $144.12 ($125.00 x (174.9/151.7)). The adjusted hourly rate for 2004 is $150.46 ($125.00 x (182.6/151.7)).[2]

Handy has requested reimbursement of attorney fees at a rate of $150.00 an hour throughout the case. However, the court agrees with the finding of the *Knudsen* court that fees should reflect the year in which services were performed, and then be adjusted using the CPI tied to the area where the service was performed. *See Knudsen*, 360 F. Supp. 2d at 974. The "All Urban Consumers, Midwest Urban, All Items" CPI table is available through the www.bls.gov website. When the Midwest Urban CPI table is used, the attorney rate is not $150.00. The attorney rate would be $142.39 for 2001, $144.12 for 2002, and $150.46 for 2004.

In this case, Handy has requested payment for 26.1 hours of attorney time at a rate of $150.00 per hour. Handy's attorney provided a detailed description of the types of attorney services performed. This case involved an extensive and detailed record, and the court finds the amounts of time spent by Handy's attorney in the case are reasonable. Using the above formula, Handy's attorney's fees for 2001 are $897.06 (6.3 x $142.39), for 2002 are $2,032.09 (14.1 x $144.12), and for 2004 are $857.62 (5.7 x $150.46), for a total of $3,786.77.

Handy also requests payment for 20 hours of paralegal services at a rate of $80.00 per hour. The Commissioner is correct when she notes time spent on clerical tasks is not compensable legal work under the EAJA. Purely clerical activities, regardless of who

---

[2] The court notes that in *Knudsen*, the end-of-year CPI was not available for 2004. The slight difference in the rate amounts reflects the CPI adjustment.

performs them, are considered overhead and are not compensable under the EAJA. After reviewing Handy's attorney's itemized accounting, it appears the following entries relate to clerical/secretarial tasks and should be excluded:

| | |
|---|---|
| 10/04/01 | Trip to Federal Courthouse to file Complaint . . . return trip to pick up documents . . . trip to U.S. post office to serve documents by certified mail. . . . |
| 10/24/01 | Draft proof of service . . . file at U.S. District Court |
| 3/18/02 | Trip to U.S. Courthouse to file Motion. . . . |

Under the EAJA, paralegal time may be recoverable to the extent it reflect tasks traditionally performed by an attorney and for which the attorney customarily would charge the client. *See* 28 U.S.C. § 2412. Handy will be awarded a total of $1,424.00 (17.8 hours x $80.00) for paralegal time.

Therefore, the court finds a total fee of $5,210.77 "reasonably and adequately accounts for the attorney's court-related services." *Stockton*, 36 F.3d at 50. In addition, the court agrees with Handy that he is entitled to his attorney's time in litigating the EAJA fee issue. Handy will be awarded $686.70, representing 4.5 hours on the EAJA portion of his claim at a rate of $152.60 ($125.00 x (185.2/151.7)). Because Handy is being awarded attorney's fees under the EAJA, the court denies Handy's alternative fee request pursuant 42 U.S.C. §406(b).

## *IV.  CONCLUSION*

For the reasons set forth above, Handy's Application for Attorneys Fees under the EAJA is granted in the total amount of **$5,897.47**, and judgment will enter for Handy in that amount.  The court denies Handy's attorney's Application for Attorney Fees under section 406(b).

**IT IS SO ORDERED.**

**DATED** this 5th day of May, 2005.

<u>/s/ Paul A. Zoss</u>
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT